"Be it known to all whom it may concern, that I, Jacob Liles, of, etc., having intermarried with Frances Holland, widow, etc., and by her having had one son, called Richard Liles, I do hereby certify that all the property which came by my said wife, of every description, I give to her and her heirs forever. In witness, etc."
The bill then charged that the defendant's testator had taken into his possession sundry slaves, and some bonds and money, which belonged to the plaintiff before her marriage with him; that by his will he had bequeathed several of those slaves to his children by a former marriage, and in it had made a very small provision for the plaintiff, who had regularly entered her dissent from it.
The prayer was to have the defective instrument set up, and also for a distribution of the assets of the testator. *Page 109 
The defendants in their answers put the plaintiff to the proof of the antenuptial agreement, and insisted, if it was made, that the plaintiff should be put to her election, contending that she could not claim under the agreement and also her share of the testator's assets.
The facts set forth in the bill were fully established by the testimony of the plaintiff's mother and sister, whose depositions were read.
This bill is brought for the twofold purpose of setting up a contract, made by the testator of the defendant with the plaintiff, his then wife, whereby he gave her all the property which he had acquired by his marriage with her, and to obtain, likewise, a (187) distributive share of the personal estate of her said late husband. The contract made after marriage is stated to have been in execution of a parol treaty, made before the marriage, whereby the husband agreed to settle upon her, in the event of her having a child by him, all the property she then possessed or was entitled to. The writing does accordingly admit that she has a son, named Richard Liles; and there is proof, by two witnesses, the mother and sister of the plaintiff, that Jacob Liles had declared in his lifetime that he had executed the paper in pursuance of his engagement entered into before marriage. The contract of marriage is a valuable consideration, and a settlement made by the husband after marriage is binding upon him and all persons claiming as volunteers from or through him. How far the peculiar circumstances of this contract would render it valid against creditors or subsequent purchasers is not made a question in the case. The intervention of a trustee is indispensable at law to enable the husband to convey property to his wife; but there are several cases in this Court where the husband's gifts to the wife, directly made, will be supported, although no property in the things given passed to the wife at law by the delivery. The following cases extend fully to the establishment of this principle: Lucas v. Lucas, 1 Atk., 270; Stanning v.Style, 3 P. Wms., 338; Bledsoe v. Sawyer, 1 Vern., 244; Bunbury, 205.
The law proceeds strictly upon the notion of union of person in husband and wife, and it is only in some extreme and excepted cases that the wife can implead or be impleaded without her husband; but in equity she may be a plaintiff or defendant without the concurrence of her husband, as in cases where she prays relief against him. Terry v.Terry, Pres. Ch., 275; Lambert v. Lambert, 1 Ves., Jr., 21. And she may defend a suit separately, when her interest in the subject of litigation is contradictory to her husband's claim, and in (188) *Page 110 
other instances. White v. Thornborough, Pres. Ch., 429; Ex parte Halsam, 2 Atk., 50. Equity, it is said, regards not the outward form, but the inward substance and essence of the matter, which is the agreement of the parties, upon a good and valuable consideration; so that although a covenant be extinguished at law by the marriage of the parties, this Court will establish it. Cannel v. Buckel, 2 P. Wms., 243; 1 Fonbl., 39.
As to the remaining question, whether the plaintiff is to be put to her election, it is believed that the law has left no discretion on the subject; for however desirable it might be that in so small an estate the testator's children should exclusively enjoy the benefit of it, yet the widow's claim to distribution is founded on a clear legal right. The principle to be extracted from all the cases is that an intention to exclude that right must be shown, either by express words or a manifest implication; but there is here nothing from which such an intent can be inferred.
PER CURIAM. Declare that the defendant's testator made the agreement in the bill mentioned, and direct an account of the property of the plaintiff at the time of her marriage, and also of the assets in the defendant's hands.
Cited: Taylor v. Eatman, 92 N.C. 605; Walton v. Parish, 95 N.C. 263.
(189)